UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:25-cr-5-1 |
| ) | |
| IAN QUINLAN, ) | |
|     Defendant. ) | |

## ORDER
(Doc. 31)

Defendant Ian Quinlan moves to suppress digital evidence obtained during the execution of a search warrant authorizing the seizure and forensic examination of electronic devices from his residence. (Doc. 31 at 1–2.) Mr. Quinlan argues the warrant fails the Fourth Amendment's particularity requirement because, although it identified the offense and described the place to be searched, it did not meaningfully limit the seizure and subsequent search of those electronic devices. (Doc. 31 at 3–5.) The United States opposes the motion. (*See* Doc. 35.)

### Factual Background

Homeland Security Investigations and the Vermont Attorney General's Office, operating through the Vermont Internet Crimes Against Children Task Force, received a tip from the National Center for Missing and Exploited Children regarding child sexual abuse material ("CSAM"). The investigation linked the online activity to a residence located at 122 Elm Street, Unit 3, in Montpelier, Vermont.

On October 27, 2023, a Vermont Superior Court judge issued a search warrant authorizing law enforcement to search the residence at 122 Elm Street, Unit 3, Montpelier, Vermont. (Doc. 31-1 at 2.) It also authorized the search of Ian Quinlan and Billiejo Quinlan and two automobiles. *Id.* The warrant directs executing officers to search "[f]or the following described property or

objects constituting evidence of sexual exploitation of children in violation of Chapter 64 of Title 13 of the Vermont [Statutes] Annotated: SEE ATTACHMENT 'A' DETAILING PROPERTY OR OBJECTS." *Id.*

The property described in Attachment A, Section 1 includes "[a]ny and all computers or other types of electronic media devices," as well as a broad list of devices and removable media "that are capable of storing electronic files," along with passwords/encryption keys, documentation/manuals, and any peripheral or attached equipment. *Id.* at 3. Section 2 authorizes seizure of "any and all photographs, films, and other visual depictions" constituting child pornography as defined by Vermont statute, "and any evidence of the possession or promotion thereof." *Id.* Section 3 authorizes seizure of "[a]ny and all records and information relating to the possession and promotion of child pornography and evidence of user attribution," including logs, browsing history, metadata, emails, chat logs, notes, and various financial and billing records. *Id.*

The warrant also contains a clause addressing off-site forensic review. It states: "Continuing under the authority of this warrant the computers and electronic media devices seized may be forensically examined for a period of 180 days from the date the items were seized, in a manner best suited for the retrieval and preservation of all evidence at an off-site facility or facilities as determined by law enforcement." *Id.* at 2.

## Standard

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In the Second Circuit, the particularity requirement has three independent components: the warrant must (1) identify the specific offense for which the police have established probable cause; (2) describe the place to be searched; and (3) specify the items to be seized by their relation to designated crimes. *United*

States v. Galpin, 720 F.3d 436, 445–46 (citation modified). The third requirement is critical because it prevents "general searches" by ensuring that "nothing is left to the discretion of the officer executing the warrant." *United States v. Rosa*, 626 F.3d 56, 62 (2d Cir. 2010) (quoting *United States v. Buck*, 813 F.2d 588, 590 (2d Cir. 1987)).

These concerns are amplified in the digital context. The Second Circuit has cautioned that warrants for electronic information pose "a serious risk" of becoming "general warrant[s]," which "demands a heightened sensitivity to the particularity requirement in the context of digital searches." *Galpin*, 720 F.3d at 447 (citation modified). The Second Circuit has further explained that electronic storage can contain a wide range of private information and that "[t]he potential for privacy violations occasioned by an unbridled, exploratory search of a hard drive is enormous." *Id.*

## Analysis

### I. Whether the Warrant's Identification of the Offense and Description of the Place Satisfy the Fourth Amendment

The court begins with the particularity components the parties do not meaningfully dispute. Mr. Quinlan's motion does not argue the warrant failed to identify an offense category or failed to describe the place to be searched. Instead, Mr. Quinlan's particularity challenge focuses on the breadth and structure of the warrant's digital seizure and forensic search authorizations. (*See* Doc. 31 at 3–5.) The Government likewise frames the dispute as whether the warrant's digital categories and attachment language sufficiently limited the scope of the device seizure and forensic review, not as a challenge to the warrant's description of the premises or its identification of the offense category. (*See* Doc. 35 at 8–12.)

The face of the warrant authorizes a search for property "constituting evidence of sexual exploitation of children in violation of Chapter 64 of Title 13 of the Vermont [Statutes]

3

Annotated." (Doc. 31-1 at 2.) The warrant also describes in detail the residence to be searched, including the unit designation within a multi-unit structure. *See id.* The dispute therefore centers on the third particularity component: whether the warrant specified the items to be seized by their relation to designated crimes. *See Galpin*, 720 F.3d at 445–46.

### II. Whether the Warrant Specified the Items to Be Seized by Their Relation to Designated Crimes

Mr. Quinlan asks the court to suppress digital evidence resulting from the search because the warrant includes impermissible "catch-all" language like "any and all" and "including but not limited to" and "lacks temporal limitation, fails to identify categories of files likely to contain evidence, and lacks a nexus to the suspected offense." (*See* Doc. 31 at 4.) Mr. Quinlan contends the warrant "authorizes a full forensic search of every device and every file, with no limitation—precisely the type of overbroad digital search condemned in *Galpin*." *Id.* at 5.

The court disagrees. The warrant grants executing officers permission to search "[f]or the following described property or objects constituting evidence of sexual exploitation of children in violation of Chapter 64 of Title 13 of the Vermont [Statutes] Annotated: SEE ATTACHMENT 'A' DETAILING PROPERTY OR OBJECTS." (Doc. 31-1 at 2.) Attachment A, Section 1 authorizes seizure of "[a]ny and all computers or other types of electronic media devices," including devices and removable media "that are capable of storing electronic files," along with passwords/encryption keys, documentation/manuals, and any peripheral or attached equipment. *Id.* at 3. The warrant limits the digital search to electronic devices and files "constituting evidence of sexual exploitation of children," not a full forensic search of every device and file as Mr. Quinlan asserts. Although the warrant lacks a temporal limitation, the "constituting evidence of" language distinguishes this warrant from the *Galpin* warrant found to lack particularity for failure to "provid[e] the forensic examiner with any guidance or limitations as to what kinds of files might

4

be relevant." *Galpin*, 720 F.3d at 450. In *Galpin*, the warrant authorized a search for "evidence of violations of 'NYS Penal Law and or Federal Statutes,'" thereby permitting a search for evidence of any crime. *Id.* at 447. Although the language of the warrant issued here could have been drafted more artfully, the court finds the limiting language sufficiently connects the items to be seized to the crime of sexual exploitation of children. *See United States v. Tompkins*, 118 F.4th 280, 287 (2d Cir. 2024) (citation modified) ("We have also noted that the Fourth Amendment does not require that search warrants include a perfect description of the data to be searched and seized, including search warrants for digital data.").

## Conclusion

Suppression of the digital evidence at issue in this case is not needed because the warrant describes with adequate particularity the items to be seized—electronic media constituting evidence of sexual exploitation of children. Mr. Quinlan's Motion to Suppress Digital Evidence (Doc. 31) is DENIED.

DATED at Rutland, in the District of Vermont, this 13th day of February 2026.

_____
Mary Kay Lanthier
United States District Judge